## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Ekoue Dodji Aboussa

    v.                                          Civil No. 23-cv-11-LM

Keystone Management Co. and
United States Federal Bureau
of Investigation


### REPORT AND RECOMMENDATION


Pro se plaintiff Ekoue Dodji Aboussa has sued his landlord and the Federal Bureau of Investigation ("FBI"), claiming that the landlord, Keystone Management Co. ("Keystone") allowed the FBI to move into a nearby apartment and harass Mr. Aboussa and his family. The defendants have moved to dismiss the complaint. Pursuant to LR 72.1, the motions have been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should grant the defendants'' motions.

### Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court asks whether the plaintiff has made allegations in her complaint that are sufficient to render her entitlement to relief plausible. See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). The

court accepts all well-pleaded facts as true and draws all
reasonable inferences in the non-moving party's favor. Hamann v.
Carpenter, 937 F.3d 86, 88 (1st Cir. 2019). The court, however,
disregards conclusory allegations that simply parrot the
applicable legal standard. Manning, 725 F.3d at 43.  Because Mr.
Aboussa is proceeding pro se, the court construes his amended
complaint liberally. See Erikson v. Pardus, 551 U.S. 89, 94
(2007) (per curiam) (internal citations omitted) ("a pro se
complaint, however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers").
"Pro se status, however, does not insulate a party from
complying with procedural and substantive law. Even under a
liberal construction, the complaint must adequately allege the
elements of a claim with the requisite supporting facts." Wood
v. U.S. Bank, No. 22-cv-235-JL, 2023 WL 3867254, at *2 (D.N.H.
June 7, 2023) (cleaned up).

## Factual Allegations

Mr. Aboussa's amended complaint (Doc. No. 13) is
disorganized and difficult to follow.  He and his family have
been tenants in an apartment complex in Concord, New Hampshire,
for the past ten years.  Keystone manages the complex.  Mr.
Aboussa alleges that Keystone personnel "moved" FBI personnel
into the complex "to perform programming with psychotronic use
of electronic tracking communication system." Am. Compl. (Doc.

No. 13) at 1.  The court turns next to the defendants'
respective motions to dismiss.

A.  Keystone's Motion to Dismiss (Doc. No. 15)

Mr. Aboussa alleges that Keystone violated several
provisions of the Fair Housing Act, 42 U.S.C. § 3601, et seq.
("FHA"), along with certain other statutory and criminal laws.

1.  Fair Housing Act

As relevant here, the FHA provides that "it shall be
unlawful . . . (b) To discriminate against any person in the
terms, conditions, or privileges of sale or rental of a dwelling
. . . because of race, color, religion, sex, familial status, or
national origin." 42 U.S.C. § 3604.  To prove a violation of
the FHA, the plaintiff must, at a minimum, show either that the
defendants acted with discriminatory intent, or that their
actions have a disparate impact based on race.  Macone v. Town
of Wakefield, 277 F.3d 1, 5 (1st Cir. 2002).  The complaint here
fails to allege sufficient facts to meet either of those
requirements.

First, the complaint does not allege facts sufficient to
demonstrate that any of the defendants acted with a
discriminatory intent.  "A plaintiff can show discriminatory
intent by either direct or indirect evidence." Pina v. Town of
Plympton, 529 F. Supp. 2d 151, 155 (D. Mass. 2007) (internal
quotation marks omitted).  Here, the complaint does not allege

either.  To be sure, the complaint contains a litany of grievances aimed at Keystone, include renting an apartment to FBI personnel, enabling the FBI to conduct surveillance, and trying to collect rent allegedly not due. But even accepting these allegations are true, the complaint does not allege facts suggesting that Keystone acted because of Mr. Aboussa's race or national origin.  He does not allege, for example, any statements suggesting racial animus or any instances in which Keystone treated individuals of other races differently.  Nor does the complaint contain any factual allegations suggestive of Keystone policies that have a disparate impact on racial or ethnic minorities.  Accordingly, Mr. Aboussa's FHA claim against Keystone should be dismissed.

2. Constitutional Violations

Seeking relief under 42 U.S.C. § 1983, Mr. Aboussa claims that, by renting an apartment to FBI personnel, Keystone violated his Fourth Amendment right to be free from unreasonable searches and seizures. A plaintiff claiming an infringement of his civil rights under § 1983 must establish that the defendant acted under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia," in depriving plaintiff of a right secured by the Constitution or laws of the United States. See 42 U.S.C. § 1983.

A private actor, such as Keystone, can be considered a
state actor for purposes of § 1983 only under limited
circumstances, none of which are present here.  See Georgia v.
McCollum, 505 U.S. 42, 54 (1992) (describing circumstances under
which public defender could be deemed to be a state actor for
purposes of § 1983); see also, Watchtower Bible & Tract Soc'y of
N.Y., Inc. v. Sagardía De Jesús, 634 F.3d 3, 10 (1st Cir.)
(same), cert. denied, 132 S. Ct. 549 (2011). The constitutional
claims asserted against Keystone should, therefore, be
dismissed.

> 3. Criminal Laws

Mr. Aboussa also alleges that Keystone violated several
criminal statutes, including 18 U.S.C. § 2261A (stalking), 18
U.S.C. § 1091 (genocide), and 18 U.S.C. § 351(a) (assault of
certain federal officials).  But, in general, "a private citizen
lacks a judicially cognizable interest in the prosecution or
nonprosecution of another")). Linda R. S. v. Richard D., 410
U.S. 614, 619 (1973).  Mr. Aboussa also alleges that Keystone
violated the Electronic Communications Privacy Act, 18 U.S.C.
2510, et. seq. ("ECPA").  While there exists a private right of
action under the ECPA, see 18 U.S.C. § 2520, Mr. Aboussa's
complaint is devoid of any allegations regarding Keystone other
than allegedly renting space to the FBI to conduct "programming
with psychotronic use of electronic tracking communication

system." This allegation, standing alone, does not give rise to any nonfrivolous claim upon which relief can be granted. Therefore Mr. Aboussa's claims that are based on criminal violations should be dismissed.

B. FBI's Motion to Dismiss (Doc. No. 18)

Mr. Aboussa claims that the FBI conducted "illegal surveillance programming with electronic tracking communications systems." Am. Compl. (Doc. No. 13) at 9. He also alleges that he and his family are victims of "human remote mind control" and murder. Id. at 9-10. Finally, he asserts that the FBI spoke to him from a distance with psychotronic controller 24/7 telling him when and which part of his body they are going to hurt and torture . . . ." Id. Although the FBI asserts several bases for dismissal, the court grants its motion to dismiss because it lacks subject matter jurisdiction over Mr. Aboussa's claims. See Efreom v. McKee, 46 F.4th 9, 16 (1st Cir. 2022) (describing determination of subject matter jurisdiction as "threshold matter") (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)).

"It is a bedrock rule that a party seeking to invoke the jurisdiction of a federal court must bear the burden of demonstrating the existence of such jurisdiction." Gordo-Gonzalez v. United States, 873 F.3d 32, 35 (1st Cir. 2017) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir.

6

1995).  "A patently insubstantial" complaint may be dismissed
for want of subject-matter jurisdiction under Fed. R. Civ. P.
12(b)(1).  Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989)
(citing Hagans v. Lavine, 415 U.S. 528, 536–537 (1974) (federal
courts lack power to entertain claims that are "so attenuated
and unsubstantial as to be absolutely devoid of merit")
(citation omitted); Bell v. Hood, 327 U.S. 678, 682–683 (1946)).

The assertions in the complaint in this case fall squarely
within the standard set forth in Neitzke.  While this court has
no reason to question the intensity and sincerity of Mr.
Aboussa's concern for his and his family's safety and security,
his allegations against the FBI do not give rise to any
nonfrivolous claim sufficient to invoke this court's subject
matter jurisdiction. His allegations of harassment stemming from
"remote mind control," are precisely the sort of allegations
that courts, including this one, have dismissed as factually
frivolous.  See, e.g., Fisherman v. Doe, No. 22-cv-246-SE, 2023
U.S. Dist. LEXIS 23614 (D.N.H. Jan. 9, 2023) (recommending
dismissal of complaint alleging "satellite based neural
monitoring" to suppress evidence of his innocence of criminal
charges), adopted, 2023 U.S. Dist. LEXIS 22715 (D.N.H. Feb. 10,
2023); Nduka v. Williams, 410 F. Supp 3d 719, 721-22 (E.D. Pa.
2019) (collecting cases and noting that "[f]ederal courts
routinely dismiss allegations regarding broad-based conspiracies

of computer hacking, surveillance, tracking, and the like, as factually frivolous . . . where these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible.”); Barnes-Velez v. FCC, No. 6:18-cv-634-Orl-18GJK, 2018 WL 4178196, at *3 (M.D. Fla. May 8, 2018) (rec. dec.) (dismissing as frivolous a plaintiff's complaint alleging that various government agencies installed cameras and listening devices in her cable box), aff'd, 2018 WL 4153937 (M.D. Fla. Aug. 30, 2018); see also Denton v. Hernandez, 504 U.S. 25, 33, (1992) (recognizing that a court at a motion to dismiss stage need not accept as true a plaintiff's factual allegations that describe “fantastic or delusional scenarios”).

To allow this case to proceed any further would be a waste of limited judicial resources. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2nd Cir. 2000) (noting that the early dismissal of a frivolous action is necessary “to preserve scarce judicial resources,” including cases where the plaintiff has paid the filing fee). Accordingly, the FBI's motion to dismiss should be granted.

## Conclusion

For the foregoing reasons, the district judge should grant the motions to dismiss filed by Keystone (Doc. No. 15) and the FBI (Doc. No. 18). If the district judge adopts this

8

recommendation, the undersigned recommends that the clerk's office be directed to close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016)


_____
Andrea K. Johnstone
United States Magistrate Judge


June 27, 2023

cc:  Ekoue Dodji Aboussa, pro se
     counsel of record